■ In the Matter of 317 WEST 145TH STREET CORP., Appellant, v CITY OF NEW YORK DEPARTMENT OF FINANCE et al., Respondents. [630 NYS2d 316] —Judgment (denominated order), Supreme Court, New York County (Lewis R. Friedman, J.), entered October 26, 1994, which denied and dismissed petitioner's CPLR article 78 petition to set aside a tax deed to the property located at 2260 Amsterdam Avenue, unanimously reversed on the law and the facts, and as a matter of discretion, without costs, the petition reinstated and granted and the deed set aside.

The petitioner, which has offices at 312 West 55th Street, purchased the property located at 2260 Amsterdam Avenue and 172nd Street in 1987. In March 1988, a notice was mailed to petitioner "c/o Ronan Glazer, 61 West 62nd Street, New York, New York" directing petitioner to make certain sidewalk repairs. Petitioner did not make the repairs. However, the City did and billed petitioner $8,998.62 for the work. This bill was forwarded to "Gershon Co., Inc., 312 West 55th Street." Six months later, in March 1989, petitioner's attorney wrote to the City contesting the charges arguing that the damage to the sidewalk had been caused by construction on property adjacent to the petitioner and thus the repairs were not petitioner's responsibility. The petitioner was then notified that the assessment should be paid and that legal action should be taken against the construction company that did the work on the adjacent building. In May 1989, petitioner sent a check to the City for $6,500 in partial payment of the repair. A balance of some $2,498.62 was left unpaid. No additional bills relating to the repair were received. Petitioner did, however, receive real estate, water and sewer tax bills which it paid.

In July 1990, unbeknownst to the petitioner, the City foreclosed and took title to the property based upon the outstanding balance for the sidewalk repairs. Despite this, the City continued to bill petitioner for real estate, water and sewer taxes which it continued to pay. Petitioner only found out about the foreclosure from a tenant who ran a parking lot on the property. The City instructed the tenant not to make any

future rent payments to petitioner. By this time, the redemption period pursuant to section 11-424 (f) of the Administrative Code of the City of New York (four months) had expired. Petitioner then made application pursuant to section 11-424 (g) for discretionary consideration by the City's Release Board. A hearing was held and the application was denied.

This proceeding was commenced. By order entered November 29, 1993, Justice Herman Cahn granted the petition in part and remitted the matter to the Release Board for further consideration. He noted the property was worth up to $290,000 and that the foreclosure was based on only $2,498.62. He directed the Release Board to consider the large discrepancy between the arrears and the value of the property. Additionally, he noted that the City had other ways to curb or end the allegedly unlawful use of the property as a parking lot and that the beneficial use to which the City hoped to use the property, as low income housing and a day care center should be considered in the context of negotiations, purchase or condemnation.

The Release Board held a hearing and denied the petitioner's application without opinion. The matter then came on before Justice Friedman who denied and dismissed the petition.

While we find petitioner's arguments that there was fraud or illegality in these proceedings, and that its constitutional rights under the Eighth Amendment were abridged to be unavailing, we nonetheless conclude that, under the circumstances presented, to leave the judgment undisturbed would not only not be in the furtherance of justice, but would be an unconscionable result. The record before this Court makes abundantly clear that the petitioner was not accorded the notices which would have permitted it the opportunity to take advantage of the existing statutory schemes for redemption or to recover its excess. This lack of notice has thus allowed the City to obtain an unconscionable gain. The touchstone of unconscionability is oppression, and here the inordinate benefit to the City squarely meets that test. Equity will take cognizance of unconscionable conduct when warranted (*Grunfeld v Grunfeld*, 123 AD2d 64, 68). Moreover, the law of unconscionability as it has developed looks to both the procedural and substantive aspects of the transaction (*People v Two Wheel Corp.*, 71 NY2d 693, 699). Accordingly, the only equitable result here requires vacatur of the judgment and the setting aside of the deed. Concur—Ellerin, J. P., Rubin, Asch, Nardelli and Mazzarrelli, JJ.